This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**PATRICIA KINNEY, ELIZABETH HOFFMAN, JAMES SALOPEK, and CHRISTINE BROWN,**

Plaintiff-Appellees,

v.                                                                                    **NO. 30,715**

**KEVIN J. HANRATTY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Valerie Mackie Huling, District Judge**

The Pickett Law Firm
Keith S. Burns
Las Cruces, NM

for Appellees

Kevin J. Hanratty
Artesia, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Defendant appeals pro se from Judge Malott's order denying Defendant's

motion to recuse, imposing sanctions on Defendant pursuant to Rule 1-011 NMRA, and then sua sponte recusing himself because he could not be impartial or, at the least, there was an appearance of impropriety. [RP 583-585] We proposed to dismiss for lack of a sufficiently final order in a notice of proposed summary disposition. Defendant filed a memorandum in opposition characterizing our proposed disposition as "summary affirmance" instead of dismissal. After reviewing Defendant's memorandum, which fails to address our concerns as to finality, we are unconvinced that our proposed disposition is in error, and thus we dismiss Defendant's appeal for lack of a sufficiently final order.

As discussed more fully in our notice of proposed summary disposition, the right to appeal is restricted to final judgments and decisions. *See* NMSA 1978, § 39-3-2 (1966); *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 234-40, 824 P.2d 1033, 1036-42 (1992). In this case, Plaintiffs' claims against Defendant for legal malpractice in connection with a probate proceeding and a challenge to the will of Plaintiffs' father are still pending. Furthermore, there are ongoing discovery issues, pending summary judgment motions, and a possible trial on the merits. [*See generally* RP 671-780] Therefore, our notice of proposed summary judgment proposed to conclude that Judge Malott's order is not a final order because Defendant is still a party to the proceedings, and Plaintiffs' claims are still ongoing. We proposed to

dismiss because, in light of the numerous matters pending before the district court, resolving the issues raised in Defendant's appeal at this juncture would conflict with our policy against fragmenting issues and piecemeal appeals. *See Kelly Inn No. 102, Inc.*, 113 N.M. at 239, 824 P.2d at 1041.

In our previous notice, we also considered Defendant's contention that a writ of error should issue because Judge Malott allegedly admitted "to personal animus by a party before he was appointed to the bench." [DS 10] We were unconvinced because there is no indication that Judge Malott admitted to any personal animus by anyone before he was appointed to the bench. [RP 585] Moreover, to the extent Defendant was challenging Judge Malott's authority to impose sanctions at a point when he admittedly could not act with impartiality towards Defendant, [RP 585] we proposed to hold that this matter was not appropriate for review by writ of error. *See* Rule 12-503(E)(2) NMRA (noting the requirements for a writ of error which include a showing that the order appealed from "(a) conclusively determines the disputed question; (b) resolves an important issue completely separate from the merits of the action; and (c) would be effectively unreviewable on appeal from a final judgment because the remedy by way of appeal would be inadequate"); *King v. Allstate Ins. Co.*, 2004-NMCA-031, ¶ 16, 135 N.M. 206, 86 P.3d 631 (observing that collateral orders in civil cases have historically been restricted to orders denying motions to dismiss

3

based on claims of immunity).

In his memorandum in opposition, Defendant fails to address, much less dispute, the analysis contained in our proposed disposition. [MIO 1-25] Instead, he merely provides additional background information regarding Plaintiffs' malpractice action and Defendant's motion seeking to recuse Judge Malott, and he restates his arguments contending that Judge Malott's actions were in error. [MIO 2-14] He also provides an informal transcript of a portion of the hearing before Judge Malott on July 9, 2010. [MIO 15-25]

In light of Defendant's failure to address any of the reasoning contained in our notice of proposed summary disposition, we remain convinced that Defendant is seeking to appeal from an order which is interlocutory in nature and thus not sufficiently final for purposes of appeal. We also remain convinced that Defendant has failed to state a claim that is appropriate for consideration pursuant to a petition for writ of error.

**CONCLUSION**

Therefore, for the reasons set forth above and those discussed in our notice of proposed summary disposition, we dismiss Defendant's appeal because it is not sufficiently final for purposes of appellate review, and to the extent Defendant seeks review pursuant to a petition for writ of error, we deny his petition.

4

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**JAMES J. WECHSLER, Judge**

_____
**CYNTHIA A. FRY, Judge**